66 F.3d 327
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert STEVENS, Defendant-Appellant.
 No. 95-1003.
 United States Court of Appeals, Sixth Circuit.
 Sept. 13, 1995.
 
 Before: ENGEL, GUY, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Albert Stevens, pleaded guilty to conspiracy to possess with intent to distribute marijuana and possession of a firearm during the commission of a drug offense. He was sentenced to 211 months imprisonment.[1] Stevens appealed his sentence primarily challenging the amount of marijuana he was held accountable for as part of the court's relevant conduct computation.
 
 
 2
 On appeal, we concluded that the trial judge erred in holding Stevens responsible for harvested marijuana plants at the same guideline rate as was to be applied to live marijuana plants.
 
 
 3
 On remand, the court held a new sentencing hearing and recomputed the defendant's sentence at 180 months.[2] In the new sentence computation, defendant was held accountable for 694 live marijuana plants, which the trial judge found were grown in 1992 by an unindicted co-conspirator for, and at the request of, the defendant.
 
 
 4
 Stevens has appealed again, contending that the trial court did not follow the dictates of our earlier opinion and order of remand.[3] Specifically, defendant contends that in our first opinion we concluded that Stevens could not be held accountable for any live marijuana plants, but only for the weight of the marijuana produced by such plants. We disagree. We conclude the district judge correctly interpreted and applied our earlier opinion and we affirm.
 
 
 5
 The confusion in this case stems in part from the fact that, although the indictment only charged a conspiracy existing from August 1, 1991, to September 17, 1992, the court considered, as relevant conduct for sentencing purposes, conduct going back to 1988. Stevens was a retailer of marijuana and one of his principal sources of supply was Michael Volz, who grew marijuana. Beginning in 1988, Volz began supplying marijuana to Stevens and continued to do so through 1992.[4] Each year, Volz supplied more marijuana to Stevens than in the previous year.
 
 
 6
 The United States Sentencing Guidelines provide that when one is apprehended with marijuana leaves, it is the weight of the marijuana that is used to determine the base offense level. When marijuana plants are involved, however, the guidelines provide that if fewer than 50 plants are possessed, each plant is treated as the equivalent of 100 grams of marijuana. See U.S.S.G. Sec. 2D1.1(c). If 50 or more plants are possessed, each plant is treated as the equivalent of one kilogram of marijuana. Id.
 
 
 7
 At the original sentencing hearing, the trial judge held Stevens accountable for all the plants grown by Volz. We concluded on appeal that for the years 1988 to 1991, Stevens should only be held responsible for the weight of the marijuana he received from such plants.
 
 
 8
 In 1992, the plants were confiscated before harvest and thus they must be counted as plants, since they produced no harvested marijuana. At resentencing, the court counted only the 694 plants from 1992 and added to that the amounts of marijuana and cocaine that Stevens admitted possessing. This total produced the lesser sentence defendant received at resentencing.
 
 
 9
 Stevens' argument in this appeal is limited to contending that in our first opinion we concluded that he could not be held accountable for any live plants grown by Volz. Although language taken out of context might support such an argument, it is clear when the entire opinion is read that we did not mean the trial judge must exclude from his sentencing calculus the 1992 crop, which was never harvested, but was grown by Volz at the express direction of Stevens.[5]
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The sentence was formulated by calculating the amount of marijuana for which Stevens was to be held accountable and then adding the mandatory 60 months consecutive sentence for the firearms offense. Pursuant to his Rule 11 plea agreement, Stevens was sentenced at the middle of the guideline range
 
 
 [2]
 Pursuant to a Rule 35 motion filed by the government, Stevens' sentence will be reduced by an additional 56 months
 
 
 [3]
 United States v. Stevens, 25 F.3d 318 (6th Cir.1994)
 
 
 [4]
 Volz subsequently died and was not indicted
 
 
 [5]
 Defendant concedes that if the trial judge at resentencing correctly interpreted our order of remand, then the mathematics of the sentence computation are correct